**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **SCOTT PETERS, # M-52851,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-cv-00382-JPG |
| | ) |
| **K. BUTLER, DR. TROST,** | ) |
| **and WEXFORD HEALTH CORP,** | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Scott Peters is currently incarcerated at Menard Correctional Center ("Menard"). He is a disabled veteran, who is unable to walk without assistance. (Doc. 1, pp. 4-6). He requires crutches (or some other assistive device), a lower level cell, a low bunk, and a thick mattress. Following his transfer to Menard, Plaintiff was denied one or more of these items. He was instead placed in segregation, where he was allegedly beaten and deprived of basic necessities. (*Id*.).

Plaintiff now brings this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* (Doc. 1).[1] He sues the Illinois Department of Corrections ("IDOC"),[2] Wexford Health Corp ("Wexford"), Warden Butler, and Doctor Trost for violating his rights under the Eighth Amendment, Fourteenth Amendment, and ADA. He seeks declaratory judgment, monetary damages, and injunctive relief. (*Id*. at 7). In addition,

---

[1] Plaintiff originally filed this action in the United States District Court for the Central District of Illinois. *See Peters v. Butler*, No. 16-cv-03082 (C.D. Ill. March 28, 2016). Following an initial hearing on April 5, 2016, the case was transferred to this District pursuant to 28 U.S.C. § 1404(a).

[2] Although listed in the case caption of the Complaint (Doc. 1), this defendant was inadvertently excluded from the list of defendants in CM/ECF. The Clerk will be directed to add the IDOC Director as a party to this action.

Plaintiff has filed a separate Motion for Temporary Restraining Order ("TRO") and Preliminary Injunction (Doc. 6), in which he sets forth numerous requests for relief related to his claims. Because Plaintiff seeks a TRO, the Court will immediately consider his request. *See Wheeler v. Wexford Health Source, Inc.*, 689 F.3d 680 (7th Cir. 2012).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). The complaint survives preliminary review under this standard.

## The Complaint

According to the complaint, Plaintiff is a veteran who suffers from a service-related disability. (Doc. 1, pp. 4-6). He was allegedly given a seventy percent disability rating by the Department of Veterans Affairs. (*Id*. at 6). Although he offers little information regarding the nature and scope of his disability, Plaintiff alleges that he is unable to walk without the use of an assistive device. (*Id*. at 4).

During his incarceration at Stateville Correctional Center ("Stateville"), Plaintiff was issued seven 30-day special needs permits. (*Id*. at 4, 6). The permits authorized housing in a low gallery with a low bunk and a thick mattress. The permit also authorized the use of crutches, which were replaced with a wheelchair when Plaintiff sustained a shoulder injury. (*Id*. at 4). Plaintiff used the wheelchair until he transferred from the prison. (*Id*.).

As Plaintiff prepared to depart from Stateville,[3] his wheelchair was confiscated. Plaintiff was carried onto a bus and transported to Pinckneyville Correctional Center ("Pinckneyville"), where he was dragged off the bus by his shackles. He was temporarily held in a shower, where he was tormented and slapped. A guard assured Plaintiff that "God performed miracles and would make him walk." (*Id*. at 4). When Plaintiff was unable to do so, prison officials made the decision to transfer him to Menard.

Plaintiff's claims arise from events that transpired after he arrived at Menard. He was initially placed in segregation because of his disability. (*Id*. at 4-5). He was repeatedly threatened and beaten by prison guards. In addition, he was denied access to blankets, sheets, and food (other than breakfast) for three days.

After transferring out of segregation, Plaintiff learned that Menard offers inmates no assistive devices, only wheelchairs. He asked Doctor Trost to issue him a wheelchair, but the doctor refused to do so. Doctor Trost also refused to provide Plaintiff with his medications, despite the fact that Wexford authorized all of them. (*Id*.).

When Plaintiff attempted to file a grievance to complain about these issues, Menard officials would not provide him with grievance forms. He instead used a form that he found in his belongings from Stateville to prepare a formal complaint. He submitted the grievance to Warden Butler. Although Plaintiff asked the warden to intervene and stop the ongoing violations of his rights, Warden Butler allegedly provided no help. (*Id*.).

Plaintiff now sues the IDOC, Wexford, Warden Butler, and Doctor Trost for violating his rights under the Eighth Amendment, Fourteenth Amendment, and ADA. (*Id*. at 4).

---

[3] The complaint does not reveal the dates of any prison transfers.

## Discussion

Based on the allegations in the complaint, the Court finds it convenient to divide this *pro se* action into the following enumerated counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**Count 1:** **Defendants exhibited deliberate indifference toward Plaintiff, in violation of the Eighth Amendment, when they denied him the use of any assistive devices or a wheelchair, despite his inability to walk.**

**Count 2:** **Defendants exhibited deliberate indifference toward Plaintiff's medical needs, in violation of the Eighth Amendment, when they refused to provide him with his medications at Menard.**

**Count 3:** **Defendants failed to accommodate Plaintiff's disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*., and Rehabilitation Act, 29 U.S.C. §§ 794-94e.**

**Count 4:** **Defendants subjected Plaintiff to unconstitutional conditions of confinement at Menard, in violation of the Eighth Amendment.**

**Count 5:** **Defendants failed to intervene and protect Plaintiff from a known risk of a staff assault at Menard, in violation of the Eighth Amendment.**

**Count 6:** **Defendants interfered with Plaintiff's ability to file grievances at Menard, in violation of the Fourteenth Amendment.**

As discussed in more detail below, Plaintiff shall be allowed to proceed with **Count 1** against **Warden Butler** and **Doctor Trost**; **Count 3** against the **IDOC Director**, in his or her official capacity only; and **Counts 4** and **5** against **Warden Butler**. However, **Counts 2** and **6** shall be dismissed for failure to state a claim upon which relief may be granted.

### Count 1 – Deliberate Indifference to Need for Assistive Devices

Prison officials violate the Eighth Amendment when they respond to a prisoner's serious

medical needs with deliberate indifference. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). A medical condition is considered objectively serious if it has been diagnosed by a physician as requiring treatment or would be obvious to a layperson. *See Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014) (citing *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009)). Prison officials act with deliberate indifference, when they "know of and disregard an excessive risk to inmate health." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). They must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists" and "must also draw the inference." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The complaint states a valid Eighth Amendment deliberate indifference to medical needs claim in Count 1 against Doctor Trost and Warden Butler. Plaintiff allegedly notified both defendants that he was diagnosed with a disability and was unable to walk safely (or at all) without an assistive device. (Doc. 1, pp. 4-5). He requested a wheelchair or other assistive device and received neither. (*Id.*). This conduct could rise to the level of deliberate indifference. Therefore, the Court cannot dismiss **Count 1** against Doctor Trost or Warden Butler. The dismissal of this claim against Wexford and the IDOC is discussed in more detail below.

### Count 2 – Deliberate Indifference to Need for Medication

The allegations do not support Plaintiff's claim that he was denied access to his medications. A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual

allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

As pleaded, the allegations fall short of articulating a viable claim against any particular defendant. Plaintiff alleges that he was given certain medication for his medical conditions at other IDOC facilities, but denied access to the same medications at Menard. (Doc. 1, p. 4). He does not identify the medications or the medical conditions that necessitate them. The Court is unable to determine whether Plaintiff's need for medication arises from a serious medical condition or whether Doctor Trost's denial of his request for medications was reasonable. **Count 2** shall be dismissed without prejudice because it fails to state a claim upon which relief may be granted.

## Count 3 – ADA/Rehabilitation Act

Plaintiff shall be allowed to proceed with his claim of discrimination based on his disability under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and the Rehabilitation Act, 29 U.S.C. §§ 794-94e.[4] The ADA provides that "no qualified individual with a disability shall, because of that disability . . . be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132 (2006). The Rehabilitation Act also prohibits discrimination against qualified individuals based on a physical or mental disability. *See* 29 U.S.C. §§ 794-94e. Discrimination under both includes the failure to accommodate a disability. Although the complaint lacks details regarding the nature and scope of Plaintiff's disability, Plaintiff alleges that he is unable to walk without an assistive device, and no such device has been provided. (Doc. 1, pp. 4-5).

---

[4] Plaintiff does not explicitly raise a claim under the Rehabilitation Act. However, at this early stage in litigation, the Court must consider all of the litigant's claims and not just the particular legal theories he propounds, particularly when he is litigating *pro se*. For this reason, the Court now analyzes the disability-related claim under both the ADA and the Rehabilitation Act. *See Norfleet v. Walker*, 684 F.3d 688, 690 (7th Cir. 2012); *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667 (7th Cir. 2012).

The complaint suggests that services and programs at the prison are largely inaccessible to Plaintiff. Accordingly, the Court will allow an ADA/Rehabilitation Act claim to proceed.

However, this claim cannot proceed against the individual defendants. Individual employees of the IDOC cannot be sued under the ADA or Rehabilitation Act. *Jaros v. Illinois Dept. of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012). The proper defendant is the relevant state department or agency. *See* 42 U.S.C. § 12131(1)(b); *Jaros*, 684 F.3d at 670 n. 2 (individual capacity claims are not available; the proper defendant is the agency or its director (in his official capacity)). Plaintiff has named the IDOC as a defendant, and **Count 3** shall, more specifically, be allowed to proceed with this claim against the IDOC Director, in his or her official capacity. This claim is considered dismissed with prejudice against all other defendants.

### Count 4 - Conditions of Confinement

In order to state a claim for unconstitutional conditions of confinement, a plaintiff must allege facts that, if true, would also satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter*, 501 U.S. 294, 302 (1991). In this context, the objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth*, 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis turns on whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981).

Not all prison conditions trigger Eighth Amendment scrutiny—only deprivations of basic human needs like food, medical care, sanitation and physical safety. *Rhodes,* 452 U.S. at 346;

s*ee also James v. Milwaukee County*, 956 F.2d 696, 699 (7th Cir. 1992). "Some conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson,* 501 U.S. at 304.

In this case, Plaintiff describes a number of conditions that could violate the Eighth Amendment, whether in isolation or in combination with other conditions. The conditions include placement in segregation without an assistive device, wheelchair, bedding, food, medication, etc. (Doc. 1, pp. 4-5). The only defendant who was allegedly notified about these ongoing conditions is Warden Butler, and **Count 4** shall therefore receive further review against this defendant. This claim is considered dismissed with prejudice against all other defendants.

### Count 5 – Failure to Protect

The Court will also allow an Eighth Amendment failure to protect claim to proceed against Warden Butler, who allegedly received Plaintiff's grievance complaining of ongoing "beatings" and "abuse" by Menard staff and allegedly failed to intervene. In *Farmer v. Brennan*, 511 U.S. 825 (1994), the Supreme Court held that prison officials must "take reasonable measures to guarantee the safety of the inmates." *Id.* at 832 (internal citations omitted); *see also Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006). Those individuals who are charged with the responsibility of running prisons are required, "as a matter of constitutionally imposed duty, to 'protect prisoners from violence at the hands of other prisoners'" as well as the excessive use of force by prison officials. *Santiago v. Wells*, 599 F.3d 749, 758 (7th Cir. 2010) (quoting *Farmer*, 511 U.S. at 833)). In order for a plaintiff to succeed on a failure to protect claim, he

must show that he is incarcerated under conditions posing a substantial risk of serious harm, and that the defendants acted with "deliberate indifference" to that danger. *Pinkston*, 440 F.3d at 889. A plaintiff also must prove that prison officials were aware of a specific, impending, and substantial threat to his safety, often by showing that he complained to prison officials about a *specific* threat to his safety. *Pope v. Shafer*, 86 F.3d 90, 92 (7th Cir. 1996). Conduct that amounts to negligence or inadvertence is not enough to state a claim. *Pinkston*, 440 F.3d at 889 (discussing *Watts v. Laurent*, 774 F.2d 168, 172 (7th Cir. 1985)).

The allegations suggest that the warden failed to intervene and address Plaintiff's claims of ongoing beatings and abuse. No other defendants are mentioned in connection with a failure to protect Plaintiff. Accordingly, the Court will allow **Count 5** to proceed against Warden Butler and dismiss this claim against all other defendants with prejudice.

### Count 6 – Due Process

The complaint supports no claim against the defendants under the Fourteenth Amendment Due Process Clause. It is not altogether clear why Plaintiff invoked the Due Process Clause. To the extent he claims that the defendants violated his due process rights by interfering with his ability to file grievances, the complaint supports no independent claim. This is because "a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause." *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution. *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091, 1100-01 (7th Cir. 1982). Furthermore, a cause of action does not arise where a plaintiff files a grievance, and simply

disagrees with the outcome. *See Conyers v. Abitz*, 416 F.3d 580, 586 (7th Cir. 2005). Accordingly, **Count 6** shall be dismissed with prejudice.

## Wexford

The complaint supports no claim against Wexford, and this defendant shall be dismissed without prejudice from the action. Wexford is a private corporation that serves as Menard's healthcare provider. Plaintiff cannot rely on a theory of *respondeat superior*, or supervisory liability, when bringing a claim against Wexford under § 1983. *Ashcroft*, 556 U.S. 662, 676 (2009). In the Seventh Circuit, a private corporation will generally only be held liable under § 1983 for an unconstitutional policy or custom that results in the injury at issue. *Perez v. Fenoglio*, 792 F.3d 768, 780 (7th Cir. 2015) (citing *Woodward v. Corr. Med. Servs. of Ill., Inc.*, 368 F.3d 917, 927 (7th Cir. 2014)). The complaint describes no such policy or custom attributable to Wexford. In addition, the complaint also supports no ADA or Rehabilitation Act claim against this defendant for the reasons already discussed in relation to Count 3. Accordingly, this defendant shall be dismissed from this action without prejudice.

## IDOC

All claims brought pursuant to § 1983 against the IDOC are subject to dismissal with prejudice. The IDOC is not a "person" that may be sued under § 1983; it is a state agency. *See* 42 U.S.C. § 1983; *Thomas v. Illinois*, 697 F.3d 612 (7th Cir. 2012) ("[A] state and its agencies are not suable 'persons' within the meaning of § 1983. . . ."). In *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), the Supreme Court held that neither the state nor state officials acting in their official capacities were "persons" under § 1983. *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir.

1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). Accordingly, no claim brought pursuant to § 1983 survives preliminary review against the IDOC and is considered dismissed with prejudice.

## Pending Motions

### 1. Motion to Request Counsel (Doc. 5)

Plaintiff has filed a Motion to Request Counsel (Doc. 5), which shall be **REFERRED** to a United States Magistrate Judge for a decision.

### 2. Motion for Temporary Restraining Order (Doc. 6)

Along with his complaint, Plaintiff also filed a separate pleading that was docketed as a Motion for Temporary Restraining Order (Doc. 6). In it, he requests a TRO *and* preliminary injunction. Relying on the factual allegations in the complaint, Plaintiff specifically seeks an Order enjoining the defendants from:

> . . . [d]iscrimination against Mr. Peters handicaps, limitation of mobility, retaliation, sanctions of clothing, services, or access to programs, food or essential needs. Taking his ID card without reason; not having a wheelchair assigned to him for use because crutches, canes, and assistive devices are not allowed. Off camera beatings, dragging by handcuffs, and leg cuffs because of mobility issues, segregation because of mobility issues, violations of the ADA Act. Withholding previously allowed medications for his service connected disabilities. All slanderous, degrading comments and death threats . . . [and denial of] access to medical care.

(Doc. 6, p. 1). Plaintiff's request for a TRO shall be denied at this time. However, his request for a preliminary injunction shall be referred to a United States Magistrate Judge for handling as soon as possible.

A TRO is an order issued without notice to the party to be enjoined that may last no more than fourteen days. FED. R. CIV. P. 65(b). The TRO may issue without notice, *only if*: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required. *Id*. This form of relief is warranted "to prevent a substantial risk of serious injury from ripening into actual harm." *Farmer*, 411 U.S. at 845. It is considered "extraordinary and drastic" and, for that reason, must be narrowly tailored. *Mazurek v. Armstrong*, 520 U.S. 968, 97 (1997).

The Court concludes that a TRO should not issue at this time. Plaintiff's request for relief is broad, encompassing more issues than he actually addressed in his complaint (e.g., retaliation and confiscation of his ID card). At the same time, the complaint and motion do not set forth "specific facts" which "clearly show" that immediate and irreparable injury, loss, or damage will result to Plaintiff before the adverse party can be heard in opposition. FED. R. CIV. P. 65(b). This is due largely to the fact that Plaintiff did not reveal the exact nature of his disability, the scope of his physical limitations, the exact need for an assistive device, the type of device that will be most effective, the conditions he currently faces, the basic necessities he currently lacks, or the most basic details about his "beatings" and his efforts to put Warden Butler on notice of the same, etc. Simply put, the Court cannot issue a TRO, if it has to guess exactly what Plaintiff needs at this time and which of these needs is most pressing.

Accordingly, Plaintiff's request for a TRO is **DENIED** without prejudice. However, the request for a preliminary injunction shall be **REFERRED** to a United States Magistrate Judge for handling as soon as possible.

**Disposition**

The Clerk is **DIRECTED** to **ADD** Defendant **ILLINOIS DEPARTMENT OF CORRECTIONS' DIRECTOR (official capacity only)** as a party to this action.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Temporary Restraining Order (Doc. 6) is **DENIED** without prejudice. The Clerk is **DIRECTED** to **REFILE** the Motion for Temporary Restraining Order (Doc. 6) as a "Motion for Preliminary Injunction" for further review of this request.

**IT IS ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted, and **COUNT 6** is **DISMISSED** with prejudice for the same reason.

**IT IS FURTHER ORDERED** that **WEXFORD HEALTH CORP** is **DISMISSED** without prejudice because the complaint fails to state a claim against this defendant.

**IT IS ALSO ORDERED** that **COUNT 1** against Defendants **WARDEN BUTLER** and **DOCTOR TROST**, **COUNT 3** against Defendant **ILLINOIS DEPARTMENT OF CORRECTIONS' DIRECTOR (official capacity only)**, and **COUNTS 4** and **5** against Defendant **WARDEN BUTLER** are subject to further review.

With respect to **COUNTS 1, 3, 4,** and **5**, the Clerk is directed to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **WARDEN BUTLER, DOCTOR TROST,** and the **ILLINOIS DEPARTMENT OF CORRECTIONS' DIRECTOR (in his or her official capacity only)**. The Clerk shall issue the completed summons, and prepare a service packet for each defendant consisting of: the completed summons, the completed form USM-285, a copy of the complaint (Doc. 1), the Motion for Preliminary Injunction, and this Memorandum and Order. The Clerk shall deliver the service

packets for each defendant to the United States Marshal Service for personal service on each defendant.

Pursuant to Federal Rule of Civil Procedure 4, **within 14 days of the date of this Order (on or before April 22, 2016),** the United States Marshals Service **SHALL personally serve** upon Defendants **WARDEN BUTLER, DOCTOR TROST,** and the **ILLINOIS DEPARTMENT OF CORRECTIONS' DIRECTOR (in his or her official capacity only)** the service packets containing the summons, form USM-285, a copy of the complaint (Doc. 1), the Motion for Preliminary Injunction, and this Memorandum and Order. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service. The Court will not require Defendants to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's motion for a preliminary injunction.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision as soon as possible on Plaintiff's the Motion for Preliminary Injunction and a decision on Plaintiff's Motion

to Request Counsel (Doc. 5).  Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: April 8, 2016**

s/ J. PHIL GILBERT
United States District Judge
