IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT PETERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-382-NJR-DGW |
| ) | |
| K BUTLER, DR. TROST, and ILLINOIS ) DEPARTMENT OF CORRECTIONS' ) DIRECTOR, ) | |
| ) | |
| Defendants. ) | |

### ORDER

**WILKERSON, Magistrate Judge:**

On May 6, 2016, Plaintiff filed a Motion to Amend the Complaint (Doc. 30).[1] The Motion was filed within 21 days of the service of a responsive pleading, namely the Answer filed on May 3, 2016 (Doc. 25). As such, Plaintiff is permitted to file the Amended Complaint as a matter of course as outlined in Federal Rule of Civil Procedure 15(a)(1)(B) and the Motion is **MOOT**. The Clerk of Court is **DIRECTED** to file the Amended Complaint submitted on May 6, 2016.

The Amended Complaint, filed pursuant to 42 U.S.C. § 1983, however, is subject to screening pursuant to 28 U.S.C. §1915A because it is a complaint "in which a prisoner seeks redress from a governmental entity or officer . . . ." Therefore, this matter is **STAYED** pending such screening which would identify cognizable claims and those that are frivolous, malicious, or which fail to state a claim. No responsive pleadings shall be filed, nor shall discovery be conducted, until the Court has screened Plaintiff's Amended Complaint.[2]

---

[1] Plaintiff sought to amend his complaint earlier, on April 25, 2016 (Doc. 17). That motion ran afoul of Local Rule 15.1 because Plaintiff had not submitted a proposed amended complaint (Doc. 20).

[2] Parties are nonetheless informed that Plaintiff's request for injunctive relief (Doc. 12) is still

In light of this finding, various motions related to the filing of answers are **MOOT** (Docs. 55, 56, 64, and 68). In addition, Plaintiff's "Response" (Docs. 36 and 58) to Defendants Trost's and Butler's Answers (Docs. 25 and 45) are hereby **STRICKEN**. Federal Rule of Civil Procedure 7 does not recognize a pleading that is a response to an answer and the Court has ordered no such response. Plaintiff's "Special Motion" (Doc. 38) is **DENIED**. Plaintiff states that he is being "purposefully" restricted by Defendants from accessing legal material and visiting the commissary to purchase writing supplies and that they are interfering with his mail. Since filing the motion, Plaintiff has filed a reply to the Motion for Preliminary Injunction (Doc. 40) which contains citations to case authority, a response to a notice issued by the Court (Doc. 47), an objection to an Order (Doc. 54), various other motions (Docs. 55, 50, and 68), and various other filings. Plaintiff clearly has access to legal and writing material and any interference of delay in his mail is not delaying any of his filings. Finally, the "Exhibit A" filed by Plaintiff on August 22, 2016 (Doc. 76) is **STRICKEN**. Plaintiff shall file all exhibits with related motions. If he seeks to file additional exhibits after a motion (or response) is filed, he must seek leave and must indicate to which motion or response an exhibit is relevant.

**IT IS SO ORDERED.**

**DATED: August 23, 2016**

                                                **DONALD G. WILKERSON**
                                                **United States Magistrate Judge**

---

under consideration and a Report and Recommendation will be issued shortly.