IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT PETERS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:16-cv-382-NJR-DGW |
| ) | |
| K. BUTLER, DR. TROST, and ILLINOIS ) DEPARTMENT OF CORRECTIONS' ) DIRECTOR, *et al.,* ) | |
| ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Preliminary Injunction filed by Plaintiff on March 28, 2016 (Doc 12) and the responses thereto, filed on May 24, 2016 (Doc. 37) and June 17, 2016 (Doc. 46). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED** and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff filed a Complaint on March 28, 2016 alleging unconstitutional conditions of confinement related to his incarceration at the Menard Correctional Center (Doc. 1). Plaintiff alleges that he is disabled and requires assistive devices. However, upon his transfer to Menard CC, he has been deprived of his wheelchair, blankets, food, and medication. Plaintiff has been permitted to proceed on the following counts:

Count 1: Defendants Butler and Trost exhibited deliberate indifference toward

> Plaintiff, in violation of the Eighth Amendment, when they denied him the use of any assistive devices or a wheelchair, despite his inability to walk.
>
> Count 3: Defendant IDOC Director failed to accommodate Plaintiff's disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Rehabilitation Act, 29 U.S.C. §§ 794-94e.
>
> Count 4: Defendant Butler subjected Plaintiff to unconstitutional conditions of confinement at Menard, in violation of the Eighth Amendment; and,
>
> Count 5: Defendant Butler failed to intervene and protect Plaintiff from a known risk of a staff assault at Menard, in violation of the Eighth Amendment.[1]

In addition to filing a Complaint, Plaintiff sought injunctive relief: a request for a temporary restraining order (Doc. 6) was denied without prejudice in an April 8, 2016 Order (Doc. 1); however, a request for a preliminary injunction (Doc. 12) was referred to the undersigned. Defendants responded to the motion on May 24, 2016 (Doc. 37) and June 17, 2016 (Doc. 46). A hearing on the matter was held on June 29, 2016.

Plaintiff's one page request for a preliminary injunction, Plaintiff appears to rely on the factual allegations in his Complaint and generally seeks an end to discrimination due to his disability, retaliation, confiscation of assistive devices, beatings, death threats, and denial of medical care. Plaintiff does not specify when any of these event occurred, by whom, or whether they occurred in the past or are ongoing. Plaintiff's Complaint also does not set forth any dates or name any individual who either abused him, confiscated assistive devices, or otherwise harassed him or deprived him of food and medication (Doc. 1). Defendants have responded by arguing that Plaintiff has failed to set forth any facts that would support his request for injunctive relief. Plaintiff's reply, filed on June 6, 2016 (Doc. 40) likewise contains a number of generalities regarding his health and safety but little detail as to why he is entitled to preliminary injunctive

---

[1] Counts 2 and 6 were dismissed (Doc. 11). Plaintiff has since filed an Amended Complaint which is under consideration (Doc. 78).

relief.

On June 29, 2016, a hearing was held on Plaintiff's motion. Plaintiff testified that he has been the subject of systematic harassment and abuse. He states that he was beaten when he first arrived in prison, that the fears for his life, that he is in poor health, that he is given medical care only sporadically, and that he is otherwise denied certain activities like yard time. He testified that "an attempt on his life" was made when three guards, including C/O Lindenberg (not a Defendant herein), dropped him out of his wheelchair and beat him. Plaintiff states that he suffered broken ribs and a dislocated shoulder but that no medical care was given. He has not seen the correctional officers since. He further testified that another correctional officer, around March 19, 2016, put a plastic bag over his head. Nor further attempts on his life have been made.

As to threats, Plaintiff states that some have threatened him in order to compel him to have x-rays taken that would disprove his disabilities. He indicates that he is threatened everyday – by way of example, he states that on the day of the hearing, he was not allowed to go to yard unless he talked to a major. In particular, Plaintiff claims that there is a campaign of harassment where he is mocked for being in a wheelchair and not permitted to participate in yard because he cannot take a wheelchair onto the yard.

Plaintiff then indicates that the conditions of confinement are unreasonable because he is not given a wheelchair and is forced to crawl on the ground (Plaintiff had crutches when he was incarcerated at Stateville CC). Therefore, he states he is stuck in his cell 24 hours a day, everyday. Around April 5th he was taken to the Healthcare Unit where he was compelled to be in a cell that was 50 degrees Fahrenheit for 11 days with no blanket, a squealing fan, and limited food. He was then transferred to the South Lower Cellhouse where he had a lay-in permit for 2 weeks. He also suffers from a stomach hernia that is not being treated, that he had no lunch or

dinner for three months (although that changed the day before the hearing).

Plaintiff believes that the campaign of harassment is because of his underlying criminal charges: he was convicted of assaulting police officers.

While the Court finds that Plaintiff is sincere in his belief that he is being harassed and threatened by various Correctional Officers at Menard, the Court finds that he is not credible as to the nature and severity of the alleged harrassment. At the hearing, Plaintiff appeared well-nourished, animated, not in any discernable pain or discomfort, and otherwise full of energy. His claims of harassment appear to be exaggerated: while the Court does not doubt that he has had a few unpleasant encounters with jail personnel, his account of events imply that he is being constantly threatened. It is difficult to imagine that Correctional Officers would have such rancor towards one inmate that they would maintain a policy of constant and unending harassment. Plaintiff also states that he suffered a broken rib and a dislocated shoulder. Both injuries would cause significant pain and would require medical care and yet there is no showing that Plaintiff requested medical care or that such injuries were treated. He also is no longer in a cell that he finds objectionable and has since been given food on a regular basis.

## CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

    1. a reasonable likelihood of success on the merits;
    2. no adequate remedy at law; and

      3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once Plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

      Preliminary injunctive relief should be denied because there is no showing that Plaintiff currently is suffering irreparable harm. *See City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983) (noting that irreparable injury cannot be met "where there is no showing of any real or immediate threat that the plaintiff will be wronged again"). Plaintiff has not had any further contact with any of the correctional officers who allegedly assaulted him in March, 2016. He is not suffering from any of the health problems outlined at the hearing or conditions of confinement that he finds objectionable. Plaintiff appeared well-nourished at the hearing and is not, therefore, suffering from lack of food. And, Plaintiff also appeared animated and not in pain at the hearing,

demonstrating that any medical conditions he may suffer from are being managed. At most, Plaintiff indicates that he has been denied some yard time because of mobility restrictions – such a restriction is not close to life-threatening. While Plaintiff may have suffered some verbal harassment and disbelief as to his medical condition (which he appears to liken to threats), he is not entitled to preliminary injunctive relief. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (noting that "simple verbal harassment does not constitute cruel and unusual punishment").

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Preliminary Injunction filed by Plaintiff on March 28, 2016 (Doc 12) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: October 24, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**