IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTT PETERS,                                        )
                                                     )
     Plaintiff,                            )
                                                     )
     v.                                    )          Case No. 3:16-cv-382-NJR-DGW
                                                     )
K. BUTLER, DR. TROST, and ILLINOIS )
DEPARTMENT   OF   CORRECTIONS' )
DIRECTOR,                                            )
                                                     )
     Defendants.                           )

**ORDER**

**WILKERSON, Magistrate Judge:**

     Now pending before the Court are various Motions filed by Plaintiff.

     1.   Motion for Recruitment of Counsel (Doc. 34):  Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter.  *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007).   However, 28 U.S.C. § 1915(e)(1) provides that the Court "may request an attorney to represent any person unable to afford counsel."   Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so).  *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992).   If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ."  *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself.").   In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record.

*Pruitt*, 503 F.3d at 655-656.   Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel.   *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff has met the threshold burden of showing that he has attempted to acquire counsel without Court assistance.   However, counsel will not be recruited at this time.   Plaintiff represents that he has some college education and it is clear that he is capable of reading and writing in English.   Plaintiff also is capable of following the Court's directions and setting forth his claims for relief in a coherent manner.   This Court has had the opportunity to observe Plaintiff at a hearing on his request of injunctive relief and Plaintiff seemed capable of prosecuting this matter without the assistance of counsel. Plaintiff appears to understand the Orders of the Court and to seek clarification when necessary.   While Plaintiff's claims are varied, he has asserted claims related to his medical condition, his accommodations, retaliation, and failure to protect, his are neither unique nor will they require extensive discovery.   It is also unlikely that expert discovery will be necessary.   This motion is accordingly **DENIED.**

2.   Motion for Production of Witnesses (Doc. 60):   Prior to the hearing on Plaintiff's request for a preliminary injunction, he sought to subpoena 6 inmates who would purportedly testify to the extent of the abuse that Plaintiff allegedly suffers while incarcerated.   This Court has issued a Report and Recommendation on Plaintiff's request for injunctive relief; therefore, this Motion is **MOOT**.   In any event, the Court finds that the unspecified testimony of these witnesses would not sway the conclusion that he no longer is under any threat of irreparable harm.

3. Objection and Motion for Leave to Refile (Doc. 80), Motion to Reconsider (Doc. 81), and Motion to Reconsider (entitled "Objection") (Doc. 82).   These Motions are **DENIED.**   Plaintiff seeks reconsideration of an August 22, 2016 Order that struck an "exhibit" (Doc. 76) because

Plaintiff did not specify what motion, response, or pleading it was related to, and that touched upon Plaintiff's claims that he has limited access to the law library, the commissary, and writing supplies.   Plaintiff should address his law library and commissary access to his Counselor – this Court does not manage access to those areas or restrictions imposed by the prison.   To the extent that Plaintiff experiences delays in the mail, that in turn effect deadlines imposed by the Court, he may seek extensions of time.   Plaintiff also objects to the filing of his First Amended Complaint (or at least the timing of the same).   As set forth in that Order, Plaintiff could have filed his Amended Pleading as a matter of course, without the Court's permission, as provided by Federal Rule of Civil Procedure 15(a)(1)(B).   That the Court took up Plaintiff's Motion on August 23, 2016 is merely a reflection of the other matters that are pending before the Court and that require attention besides Plaintiff's case.   Finally, Plaintiff may not file free-standing "exhibits."   This is the equivalent of filing discovery which is not permitted as outlined by Local Rule 26.1(b).   If Plaintiff wants the Court to consider any evidence, it must be associated and filed with a pleading or a motion/response.

4.   Motion to Compel (Doc. 83) and Motion of Default (Doc. 84).   These Motions are **DENIED**. As indicated in the August 23, 2016 Order, this matter has been stayed pending a 28 U.S.C. § 1915A screening of Plaintiff's First Amended Complaint (which shall be completed in due course).   After the stay is lifted, discover and other matters will commence (and a new scheduling Order will be issued if necessary).

**IT IS SO ORDERED**.

**DATED: October 24, 2016**

**DONALD G. WILKERSON**
**United States Magistrate Judge**