IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT PETERS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Case No. 3:16-cv-382-NJR-DGW |
| | ) |
| KIMBERLY BUTLER, et al., | ) |
| | ) |
|     Defendants. | ) |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Recuse filed pursuant to 28 U.S.C. § 144 by Plaintiff on February 9, 2017 (Doc. 99). The motion is **DENIED IN PART** as to the undersigned.

Title 28 U.S.C. § 144 provides that when a party files a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of an adverse party," the judge must recuse himself. The statute allows for only one shot at seeking such recusal: "A party may file only one such affidavit in any case." *Id*. The affidavit must be accompanied by a "certificate of counsel of record stating that it is made in good faith." *Id*. In considering the affidavit, the Court must accept the truth of the statements made therein, even if they are known to be false. *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985), *overruled in part on other grounds by Fowler v. Butts*, 829 F.3d 788, 791 (7th Cir. 2016). Recusal is mandatory, not discretionary, if the terms of the statute are met. However, the party seeking recusal bears a heavy burden and the affidavit must "aver[ ] facts that, if true, would convince a reasonable person that bias exists." *Id*. And, the statements must "show that the bias is personal rather than judicial." *Id*. The requirements of the statute are to be strictly enforced

because of the potential for abuse. *United States v. Betts-Gaston*, 860 F.3d 525, 537 (7th Cir. 2017).

Plaintiff's affidavit only sets forth judicial bias – he essentially disagrees with the Court's findings of fact and legal conclusions. The affidavit does not set forth any personal bias that would warrant recusal. *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004) ("judicial rulings alone will almost never constitute a valid basis for disqualification under § 144"). Plaintiff, who is proceeding *pro se*, also has no attorney's certification stating that the motion is made in good faith. *See Betts-Gaston*, 860 F.3d at 537-528; *Robinson v. Gregory*, 929 F.Supp. 334, 337-8 (S.D. Ind. 1996). Plaintiff's motion does not comply with the statute and does not otherwise set forth any personal bias that would warrant recusal. *United States v. Ming*, 466 F.2d 1000, 1004 (7th Cir. 1972) ("A trial judge has as much obligation not to recuse himself when there is no occasion for him to do so as there is for him to do so when the converse prevails.").

Plaintiff's motion is **DENIED IN PART** as to the undersigned.

**DATED: August 7, 2017**

*/s/ Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**