IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SCOTT PETERS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 3:16-cv-382-NJR-DGW |
| KIMBERLY BUTLER, et al., | ) ) ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Plaintiff Scott Peters filed a Complaint on March 28, 2016 that was screened pursuant to 28 U.S.C. § 1915A on April 8, 2016 (Doc. 11). Pursuant to that screening order, Plaintiff was permitted to proceed on claims related to his incarceration at the Menard Correctional Center:

> Count 1: Defendants Butler and Trost exhibited deliberate indifference toward Plaintiff, in violation of the Eighth Amendment, when they denied him the use of any assistive devices or a wheelchair, despite his inability to walk.
>
> Count 3: Defendant IDOC Director failed to accommodate Plaintiff's disability, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and Rehabilitation Act, 29 U.S.C. §§ 794-94e.
>
> Count 4: Defendant Butler subjected Plaintiff to unconstitutional conditions of confinement at Menard, in violation of the Eighth Amendment; and,
>
> Count 5: Defendant Butler failed to intervene and protect Plaintiff from a known risk of a staff assault at Menard, in violation of the Eighth Amendment.

In the same Order, Count 2, claiming that Plaintiff was denied access to medication, was dismissed without prejudice. Count 6, asserting a due process claim with respect to grievances, was dismissed with prejudice. Wexford was dismissed without prejudice and the IDOC was dismissed with prejudice.

Within the time period permitted by Federal Rule of Civil Procedure 15(a)(1)(B), Plaintiff filed an amended complaint (Doc. 78) and this matter was stayed pending screening pursuant to 28 U.S.C. § 1915A (Doc. 77). The amended complaint is now before the Court for preliminary review pursuant to § 1915A.

As set forth previously, Section 1915A, provides:

(a) **Screening** – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for Dismissal** – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that any reasonable person would find meritless. *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Amended Complaint

According to the amended complaint, and as set forth in his original complaint, Plaintiff is a disabled veteran who was given a seventy percent disability rating by the Department of Veterans Affairs. While on military duty, he was ejected and then crushed by a vehicle causing damage to his spine, pelvis, hips, and legs. As a result he has trouble walking, suffers from deteriorating health, has degenerative nerve, bone, and joint damage, and chronic and severe pain. He had been prescribed medications for his conditions, including Neurontin, Meloxicam, Flexeril, by the Department of Veterans Affairs, a county jail, and Stateville Correctional Center, where he was previously housed. However, these medications were discontinued by **Dr. Trost** and **Wexford** when he was transferred to the Menard Correctional Center on March 11, 2016. While at Stateville CC, Plaintiff was also issued crutches, but a shoulder injury made use of them impossible and he was given a wheelchair instead. The wheelchair also was confiscated upon Plaintiff's transfer to Menard CC.

During the transfer trip, Plaintiff was physically picked up, without an assistive device, and placed on a bus (that was not configured for disabled inmates) heading for Pinckneyville CC[1] where he was carried by **C/O Hinley** and **Unknown others** "by the shackles" to segregation and left on the floor for 3 hours. He states that he was "tormented, abused and slapped" but it is unclear by whom. He was then transferred to another bus "by the shackles" and taken to Menard CC by an **Unknown Lieutenant** and **5 unknown officers**. When they came to get him, he was "told today is the day God performed miracles and would make him walk with no problems." When Plaintiff could not walk, they carried him "by the shackles" and he was transported to Menard CC where "this type of treatment continued."

---

[1] Stateville CC is located in Northern Illinois. Pickneyville CC is located in Southern Illinois and is en route to Menard CC, located on the Missouri/Illinois border.

He was "dragged" upstairs by a **Major**, placed in a cell and tormented, stomped on by an **unknown C/O**, and had his clothes torn away by **Others**. During these events, his "left shoulder was torn or separated and remains damaged." He was then carried by his damaged shoulder and thrown into segregation because he would not walk; he was told that his medical records did not reflect that he could not walk even though they indicated that he used an assistive device. He was released from segregation 10 days later.

Plaintiff then tried to get his medications and a wheelchair from **Dr. Trost** but they were not supplied. Defendants **Butler** and **IDOC Director** failed to implement policies related to older disabled inmates.

He was abused again on March 22, 2016 when he was moved from segregation by **C/O Lindenberg** and **Others**. He was taken to a basement area called "property" and beaten and kicked – they also tried to kill him by attempting to smother him with a plastic bag. He was then confined without medication, causing mental, physical, and psychological distress. **C/O Lindenberg**, **Other Officers**, **Dr. Trost** and **C/O Quant** then threatened him.

Plaintiff states that he is attempting to conform his pleadings to the first screening Order and seeks immediate injunctive relief in addition to the reinstatement of Counts 2 and 6. He claims a due process violation with respect to his placement in segregation (he states that he was afforded no process prior to being placed in segregation) in addition to a vague ADA claim and an Eighth Amendment claim. Plaintiff refers to various exhibits, but none were provided with the amended complaint or filed therewith.

**Discussion**

At this juncture, the Court would normally set forth the claims that Plaintiff appears to be making, ferret out those that do not state a claim, and identify those claims that would proceed in this lawsuit. However, his amended complaint, despite its brevity, is not clear: it does not provide the short and plain statements showing that he is entitled to relief as required by Federal Rule of Civil Procedure 8(a)(2). Plaintiff lists as Defendants person who are not contained in the body of the amended complaint (i.e. C/O Gibson, C/O Ripley, Wexford Nurse). A number of his statements of fact do not appear to be tied to particular Defendants. He is conflating a Rule 65 motion with a complaint. He does not set forth the counts that were listed in the previous Screening Order. He also provides explanations and extraneous material that need not be included in a pleading. And, Plaintiff does not know the names of the persons who allegedly assaulted him and it is unclear that he would be able to use discovery to determine their names. Finally, it is unclear how any Defendant would be able to file a coherent answer. It appears to the Court that this matter is now at a juncture where the prosecution is beyond Plaintiff's ability. Therefore, in accordance with *Santiago v. Walls*, 599 F.3d 749 (7th Cir. 2010) and *United States v. Norwood*, 602 F.3d 830 (7th Cir. 2010), counsel shall be recruited for Plaintiff by separate order.

**DATED: August 7, 2017**

                                                        **DONALD G. WILKERSON**
                                                        **United States Magistrate Judge**