IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT PETERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-382-NJR-MAB |
| | ) |
| KIMBERLY BUTLER, DR. JOHN TROST, KIETH GIBSON, ALLAN RIPLEY, DONALD LINDENBERG, WEXFORD HEALTHCARE, MATTHEW MASON, CHAD BELTZ, CARL MCFARLAND, JEFFREY ROLLAND, JOHN BALDWIN, MAJOR BILL WESTFALL, and VIRGIL SMITH, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court is a Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies, filed by Defendants Kimberly Butler, John Baldwin, Bill Westfall, Donald Lindenberg, Kieth Gibson, Allan Ripley, Virgil Smith, Chad Beltz, Matthew Mason, and Carl McFarland (Doc. 185).[1] For the following reasons, the motion is denied.

## BACKGROUND

Plaintiff Scott Peters is an inmate in the Illinois Department of Corrections ("IDOC"), currently incarcerated at Menard Correctional Center ("Menard") (Doc. 193,

---

[1] The Court previously scheduled a hearing on this motion but subsequently concluded that a hearing is not necessary. Thus, the hearing and writ for Peters's appearance were canceled (see Doc. 237).

p. 2). He brings this action under 42 U.S.C. § 1983 for violations of his constitutional rights (*Id.*).

**A. The Third-Amended Complaint**

According to the Third Amended Complaint, Peters is a disabled veteran who sustained severe injuries to his spine, pelvis, hips, legs, and internal organs while on duty in the United States Army (*Id.* at p. 3). As a result, Peters cannot freely ambulate, and he suffers from chronic pain (*Id.*). While incarcerated at Stateville Correctional Center ("Stateville"), Peters received a wheelchair to help him ambulate and was prescribed Neurontin for nerve damage, Meloxicam for arthritic inflammation, and Flexeril for easement of movement and back spasms (*Id.* at pp. 3-4). On or about March 11, 2016, Peters was transferred to Menard (*Id.* at p. 4). Peters was first taken to Logan Correctional Center, then to Pinckneyville Correctional Center ("Pinckneyville"), and finally, to Menard (*Id.*). When Peters arrived at Pinckneyville, Defendants Hinley, Smith, Mason, Beltz, McFarland, and Rolland physically carried Peters to segregation by his shackles (*Id.*). Peters remained on the floor of the segregation cell for three hours, while Defendants Hinley, Smith, Mason, Beltz, McFarland, and Rolland assaulted him (*Id.*). An unknown lieutenant arrived at the cell and demanded Peters try to walk (*Id.*). After a failed attempt at walking, Defendants Hinley, Smith, Mason, Beltz, McFarland, and Rolland carried Peters by his shackles to the bus transporting him to Menard (*Id.* at 5). During the transfer, Peters was physically moved from two buses without any type of handicap assistance device (*Id.* at p. 4).

Upon arriving at Menard, Defendant Westfall dragged Peters up the stairs and into a cell, where an unknown correctional officer stomped on his pelvis (*Id.* at p. 5). Five Menard correctional officers, including Defendants Ripley and Lindenberg, forcefully stripped Peters of his clothes and carried him with his hands behind his back (*Id.*). The force caused Peters's shoulder to tear and separate (*Id.*). Peters was removed from segregation ten days later. He asked for a wheelchair and his medications, but Defendants Wexford and Trost denied his requests (*Id.*).

Peters proceeds on the following claims: cruel and unusual punishment against Wexford (Count 1); cruel and unusual punishment against Baldwin (Count 2); cruel and unusual punishment against all Defendants (Count 3); and denial of medical treatment against Baldwin, Trost, and Wexford (Count 4).

**B. Procedural Background**

Peters filed an initial complaint on March 28, 2016 (Doc. 1), and an amended complaint on August 23, 2016 (Doc. 78). The Court determined the amended complaint did not comply with Federal Rule of Civil Procedure 8 and appointed Peters counsel (Doc. 106 & 107). Peters filed a second amended complaint on February 2, 2018 (Doc. 137).

On October 16, 2017, Defendant Trost filed a motion for summary judgment on the issue of exhaustion of administrative remedies (Doc. 123). Trost argued Peters did not exhaust his administrative remedies prior to filing this suit (*Id.*). The Court determined an evidentiary hearing was not necessary under *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008) and denied the motion (Doc. 162). The Court found that Peters submitted an emergency grievance on March 22, 2016, which detailed the abuse he allegedly endured

during his transfer from Pinckneyville to Menard (*Id.*). Because the Warden never responded to the grievance, Peters was not required to take any further action to exhaust his remedies (*Id.*).

On July 11, 2018, Defendants Baldwin, Beltz, Butler, Gibson, Lindenberg, Mason, McFarland, Ripley, Smith, and Westfall also filed a motion for summary judgment on the issue of exhaustion (Doc. 185). They argue Peters did not file a grievance regarding the March 11, 2016 incident before filing this suit on March 28, 2016, so he did not exhaust his administrative remedies (*Id.*).

Peters filed a timely response, arguing he repeatedly requested grievance forms after arriving at Menard, but could not acquire a form until March 22, 2016 (Doc. 26). He also argues his shoulder was broken during the incident, which would have made it hard for him to fill out a grievance (*Id.*). Finally, Peters argues the grievance process was rendered unavailable to him when the Warden failed to respond to the emergency grievance he submitted on March 22, 2016 (*Id.*).

C.  **Relevant Grievance**

Peters attached a handwritten copy of the emergency grievance he submitted on March 22, 2016 (*Id.* at pp. 6-7). It reads,

> On 3-11-16 I was brought to Pinckneyville and that was the begining [sic] of the abusive beatings. I was carried and brought to Menard where I was abused by having my feet dragged up the stairs by handcuffs and leg [illegible]. I was then thrown in segregation hole for 9 days until my violation for not being able to walk because of my military service [illegible] handicaps. When I was removed from segregation I was taken to a room they called property and beaten by officers [illegible]. I only have a few names. But it's a little hard to get what [illegible] being beat. I have names but I'm too terrified and fearing for my life if someone [illegible] . . .

(*Id.*). Under the "Relief Requested" section of the grievance, Peters states,

> To get help or be sent back to Stateville where I won't suffer so bad because of my case. They [illegible] try to kill me because of my case and [illegible] my handicaps. Help they will kill me. I am a [illegible] veteran disabled. I have a state handicap [illegible] CE21143. I won't be safe anywhere here I was told because of my case. If I am [illegible] to death here. Thank you. I'm having a terrible situation. My shoulder seems separated from the last time. My ribs are cracked or broken and now things move brutally. Threatened to kill me and rape me all over a case and because I can't walk or x ray my ribs, pelvis, leg my pain with no medications because they were [illegible] angry is unbelievable. I have no blankets, sheets, underwear, glasses. I'm real so bad I can't breathe. Why I didn't do anything. But my protect my family and almost die for this country. Please [illegible] . . .

(*Id.*). Peters states he never received a response to the grievance, and nothing in the record indicates otherwise (*Id.*).

## LEGAL STANDARDS

Summary judgment is proper only where the moving party can demonstrate no genuine issue of material fact exists and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). All facts and reasonable inferences must be construed in favor of the non-moving party. *Blow v. Bijora, Inc.*, 855 F.3d 793, 797 (7th Cir. 2017) (*citing Calumet River Fleeting, Inc. v. Int'l Union of Operating Eng'rs, Local 150, AFL-CIO*, 824 F.3d 645, 647-48 (7th Cir. 2016)).

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all administrative remedies before bringing suit under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006). Proper exhaustion requires an inmate

to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002).

Under the procedures set forth in the Illinois Administrative Code, an inmate is required to file a written grievance within 60 days of the "incident, occurrence or problem that gives rise to the grievance." 20 ILL. ADMIN. CODE § 504.810(a). The grievance must be filed with the inmate's counselor, unless certain discrete issues are being grieved. *Id*. If the complaint is not resolved through a counselor, the grievance is considered by a grievance officer who must render a written recommendation to the Chief Administrative Officer (usually the Warden) within two months of receipt, "when reasonably feasible under the circumstances." *Id*. at § 504.830(e). The Warden then advises the inmate of a decision on the grievance. *Id*.

An inmate may also file an emergency grievance that is forwarded directly to the Warden. *Id*. at § 504.840. If "there is a substantial risk of imminent personal injury or other serious or irreparable harm to the offender," consideration of the grievance will be expedited. *Id*. at § 504.840(a) and (b). An inmate may appeal the Warden's decision to the IDOC Director. *Id.* at § 504.850(a). The appeal must be in writing, must be directed to the Administrative Review Board ("ARB"), and must be received by the ARB within 30 days of the date of the Warden's response. *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within six months of receipt of the appeal. *Id*. § 504.850(d) and (e).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005).

## DISCUSSION

The Court already determined the administrative process was rendered unavailable to Peters after the March 11, 2016 incident and until the filing of this lawsuit (Docs. 162 & 165). Defendants do not offer any reason for disturbing the Court's findings. As noted in the previous Order (Doc. 162), Peters submitted an emergency grievance on March 22, 2016, and never received a response. Thus, he did not have to take any further actions to exhaust his remedies. The emergency grievance also complies with IDOC's instruction to provide a "Brief Summary" of the complaints (Doc. 206). Peters describes how he was beaten, abused, and dragged around by his shackles on March 11, 2016, which is enough to alert prison officials to his problems. *See Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) (quoting *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004) ("We are mindful that the primary purpose of a grievance is to alert prison officials to a problem . . ."). Peters followed IDOC procedures and exhausted all his available administrative remedies. Defendants have not met their burden of establishing they are entitled to summary judgment on the issue of exhaustion.

## Conclusion

For these reasons, the Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 185), filed by Defendants John Baldwin, Chad Beltz, Kimberly Butler, Kieth Gibson, Donald Lindenberg, Matthew Mason, Carl McFarland, Allan Ripley, Virgil Smith, and Major Bill Westfall is **DENIED**.

**IT IS SO ORDERED.**

**DATED: March 18, 2019**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**