IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SCOTT PETERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 16-CV-382-NJR-MAB |
| | ) |
| KIMBERLY BUTLER, DR. JOHN | ) |
| TROST, KIETH GIBSON, ALLAN | ) |
| RIPLEY, DONALD LINDENBERG, | ) |
| WEXFORD HEALTHCARE, INC., | ) |
| MATTHEW MASON, CHAD BELTZ, | ) |
| CARL MCFARLAND, JEFFREY | ) |
| ROLLAND, JOHN BALDWIN, MAJOR | ) |
| BILL WESTFALL, and VIRGIL SMITH, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Pending before the Court are four motions to dismiss, filed by Defendants John Baldwin, Chad Beltz, Kimberly Butler, Kieth Gibson, Donald Lindenberg, Matthew Mason, Carl McFarland, Allan Ripley, Jeffrey Rolland, Virgil Smith, Dr. John Trost, Major Bill Westfall, and Wexford Healthcare, Inc. ("Wexford") (Docs. 198, 199, 202, & 203). For the following reasons, the motions are granted in part and denied in part.

### BACKGROUND

Plaintiff Scott Peters is an inmate in the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center ("Menard") (Doc. 193, p. 2). He brings this action under 42 U.S.C. § 1983 ("Section 1983") for violations of his constitutional rights (*Id.*).

According to the Third Amended Complaint, Peters is a disabled veteran who sustained severe injuries while on duty in the United States Army that have resulted in restricted ambulation and chronic pain (*Id.* at p. 3). While incarcerated at Stateville Correctional Center ("Stateville"), Peters received a wheelchair to help him ambulate, as well as medications for nerve damage, arthritis, and back spasms (*Id.* at pp. 3-4). On or about March 11, 2016, Peters was transferred to Menard (*Id.* at p. 4). He alleges he was assaulted and denied handicap assistance devices during his transfer, and that he also was denied medications, a wheelchair, and adequate healthcare once he arrived at Menard (*Id.* at pp. 4-5).

Peters proceeds on the following claims: violations of the Eighth and Fourteenth Amendments against Wexford for denying him access to handicap assistance devices (Count 1); violations of the Eighth and Fourteenth Amendments and Title II of the Americans with Disabilities Act ("ADA") against Baldwin for denying access to handicap assistance devices (Count 2); violations of the Eighth and Fourteenth Amendments and Title II of the ADA against all Defendants for abusing, mistreating, and denying handicap assistance devices to Peters during his transfer from Stateville to Menard (Count 3); and violations of the Eighth and Fourteenth Amendments and Title II of the ADA against Baldwin, Dr. Trost, and Wexford for denying Peters medical treatment and handicap assistance devices (Count 4). Peters seeks compensatory damages, along with costs and attorney's fees.

## LEGAL STANDARDS

The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff only needs to allege enough facts to state a claim for relief that is plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff need not plead detailed factual allegations, but must provide "more than labels and conclusions, and a formulaic recitation of the elements." *Id.* For purposes of a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012).

## DISCUSSION

Wexford argues Peters's claims against Wexford under Section 1983 must be dismissed because they are based on *respondeat superior* liability. Private corporations, like Wexford, cannot be held liable for *respondeat superior* claims under Section 1983. *Iskander v. Vill. of Forest Park*, 690 F.2d 126, 128 (7th Cir. 1982); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Instead, a private corporation will generally only be held liable under Section 1983 when it maintains an unconstitutional policy or custom that results in the plaintiff's injury. *Perez v. Fenoglio*, 792 F.3d 768, 780 (7th Cir. 2015).

Here, Peters alleges Wexford denied him medication, a wheelchair, and adequate healthcare, through its physician, Defendant Dr. Trost (Doc. 193, pp. 3-5). But Wexford is a corporation, not a physician, so Peters's allegations necessarily (and improperly) rest

on a theory of *respondeat superior*. Peters also states Wexford condoned and approved constitutional violations, failed to properly train its employees, and had a practice of denying care to inmates with serious medical needs (Doc. 193, p. 8). But Peters does not identify a specific policy, practice, or custom that is responsible for the alleged constitutional violations. *See Harper v. Wexford Health, Sources Inc.*, 2017 WL 2672299, at *3 (N.D. Ill. June 21, 2017) (where the plaintiff stated a Section 1983 claim against Wexford by alleging, with detailed facts, that a cost-cutting policy resulted in inadequate healthcare on repeated occasions). Instead, Peters makes vague and conclusory allegations against Wexford and fails to demonstrate the allegedly deficient healthcare was more than a random event. *See Arita v. Wexford Health Sources, Inc.*, 2016 WL 6432578, at *3 (N.D. Ill. Oct. 31, 2016) (dismissing Section 1983 claims against Wexford because the plaintiff's "conclusory allegation that Wexford has a policy of treating other inmates in the same fashion as he has been treated [was] insufficient to survive a motion to dismiss.").

Peters also brings a claim against Wexford under Title II of the ADA, which requires him to allege he is a "qualified individual with a disability, that he was denied the benefits of the services, programs, or activities of a public entity, or otherwise subjected to discrimination by such an entity, and that the denial or discrimination was by reason of his disability." *Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (internal quotations and citations omitted). The ADA defines "public entity" as "(A) any State or local government; (B) any department, agency, special purpose district, or other

instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority. . ." 42 U.S.C. § 12131(1).

Peters baldly alleges Wexford is an entity of Menard. But the majority of courts refuse to recognize that a private corporation is an instrumentality of the State of Illinois just because it contracts with the IDOC to provide medical services to inmates. *Morris v. Baldwin*, 2018 WL 6682838, at *2 (S.D. Ill. Dec. 3, 2018) (and cases cited therein); *Hogle v. Baldwin*, 2017 WL 4125258, at *6 (C.D. Ill. Sept. 18, 2017); *McIntosh v. Corizon*, 2018 WL 1456229, at *6 (S.D. Ind. Mar. 23, 2018). Accordingly, Wexford, along with Count 1, must be dismissed without prejudice from this case for failure to state a claim.

The remaining Defendants argue Peters's claims under the ADA must be dismissed because Defendants cannot be held liable under the ADA in their individual capacities. Title II of the ADA does not permit suits against defendants in their individual capacities. *Jaros v. Ill. Dep't of Corrections*, 684 F.3d 667, 670 (7th Cir. 2012). The proper defendant is the agency or its director in his or her official capacity. *Id.* at 670 n.2. Here, Peters seeks compensatory damages under Title II of the ADA against Kimberly Butler, the Warden of Menard; John Baldwin, the Director of the IDOC; several IDOC correctional officers; and a Wexford-contracted doctor. Peters does not distinguish whether he brings his claims against Defendants in their individual or official capacities. Nonetheless, because there is no personal liability under Title II of the ADA, any claims under the Act shall proceed only against Baldwin, the highest ranking official in the IDOC, in his official capacity. *See Kentucky v. Graham*, 473 U.S. 159, 166 ("As long as the government entity receives notice and an opportunity to respond, an official-capacity suit

is, in all respects other than name, to be treated as a suit against the entity."); *Johnson v. Godinez*, 2015 WL 135103, at *6 (N.D. Ill. Jan. 9, 2015) (dismissing individual IDOC employees in their official capacities as redundant and unnecessary).[1]

CONCLUSION

For these reasons, the motions to dismiss filed by Defendant Wexford Health Sources, Inc. (Docs. 198 & 202) are **GRANTED.** Wexford is **DISMISSED without prejudice** from this case. The motion to dismiss filed by Defendants John Baldwin, Chad Beltz, Kimberly Butler, Kieth Gibson, Donald Lindenberg, Matthew Mason, Carl McFarland, Allan Ripley, Jeffrey Rolland, Virgil Smith, and Major Bill Westfall is **GRANTED in part** and **DENIED in part**. The motion to dismiss filed by Dr. John Trost is **GRANTED.** Peters's claims under Title II of the ADA shall proceed only against Baldwin, in his official capacity.

IT IS SO ORDERED.

DATED: March 21, 2019

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**

---

[1] When a plaintiff seeks injunctive relief, it is proper to permit the suit to proceed against both the Warden and the IDOC Director, because the Warden "would be responsible for ensuring that any injunctive relief is carried out." *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). But here, Peters is only seeking compensatory damages, so Warden Butler is an unnecessary defendant.